UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TERRY SMITH, #132209,

                    Plaintiff,

       -against-

P.O. SUPRINA, I.D. No. 00234; P.O. PEREZ, I.D. No.
00223; P.O. CAREY, I.D. No. 00074; P.O. SCHMIDT,
I.D. No. 00071; DET. MICHAEL SCHMIDT, I.D. No.
71-110; DET. EDWARD J. CAREY, I.D. No. 74-129;

                    Defendants.
---------------------------------------------------------------X

**FILED**
**CLERK**

11:29 am, May 27, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
22-CV-00017(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

Before the Court is the amended complaint filed by *pro se* plaintiff Terry Smith

("Plaintiff") pursuant to the Court's January 27, 2022 Order.   Docket Entry "DE" 7, 11.   Upon

review, the Court finds that Plaintiff has not alleged a plausible claim, and, for the reasons that

follow, Plaintiff's deliberate indifference claims are dismissed with prejudice and his excessive

force claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and

1915A(b).

## BACKGROUND

### 1.   Summary of the Amended Complaint

Plaintiff's amended complaint is again submitted on the Court's form for civil rights

actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and now names four police officers

and two detectives who are alleged to work for the Riverhead Police Department (together

"Defendants").   *See* Am. Compl., *generally*, DE 11 and at 3.   Like the original complaint,

Plaintiff again alleges that, following his arrest on November 26, 2021 while at the Riverhead

Town Police Department, he informed an unidentified officer "that he had high blood pressure"

and "was not feeling well and that he needed to take his high blood pressure medication."   *Id.* at

6.   According to the amended complaint, "Plaintiff began to feel light headed, [had] blurred vision, and slight chest pains."   *Id.*   Plaintiff also alleges that he had "severe back pain" and "could not walk" or "take photographs or fingerprints because of severe pain in [his] lower back." *Id.*   Plaintiff alleges that the officer denied his request for medical attention for approximately three hours and twenty minutes after which time Plaintiff was taken to the hospital.   *Id.* at 7, 9-10.   According to the amended complaint, Plaintiff was taken to the hospital only after he "fell out" briefly.   *Id.* at 7.   Further, Plaintiff complains that he was walked out of the police station without socks or shoes on a cold rainy day.   *Id.* at 8.

Plaintiff next alleges that, once at the Suffolk County Correctional Facility's Riverhead location, he saw a doctor and described his symptoms, which included blurred vision, headaches, trouble concentrating, and difficulty with balance.   *Id.* at 8.   According to the amended complaint, the doctor told Plaintiff that "it sound[s] like you had a slight stroke."   *Id.*   Plaintiff alleges that he is awaiting the results of the MRI of his brain.   *Id.*

In addition, Plaintiff complains that he was handcuffed and shackled around his ankles for approximately ten and a half hours while at the police station.   *Id.* at 9.   According to the amended complaint, plaintiff was seated and "cuffed to the table in front of him" that "was chest high."   *Id.* at 11.   Due to the chain that went through his waist belt that connected to the shackles, Plaintiff was unable to rest his hands on the table.   *Id.*   Plaintiff describes that the "cuffs and shackles [] were very tight" and, when he "mov[ed] his arms to improve his circulation, the cuff cut into his wrist, causing pain and discomfort."   *Id.*   Plaintiff surmises that he was treated this way because he "refused to take fingerprints and photos."   *Id.* at 10.

As a result of the foregoing, Plaintiff claims that the Defendants were deliberately

2

indifferent to his serious medical needs and inflicted cruel and unusual punishment in violation of the Eighth Amendment for which Plaintiff seeks to recover a damages award in the sum of $10 million.  *Id.* at 5, ¶ V.

## LEGAL STANDARDS

### I.   Sufficiency of the Pleadings

As Judge Bianco summarized,

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).  The Court is required to dismiss the action as soon as it makes such a determination.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## II.     Plaintiff's Claims

### A.  *Section 1983*

As the Court made clear in the January 27, 2022 Memorandum & Order, "[t]o maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law."  *See* Mem. & Order, DE 7 at 4 (citing *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)).   It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must allege the defendant's personal involvement in the claimed constitutional deprivation. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("To establish a violation of § 1983 by a supervisor, *as with everyone else*, then, the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights.") (internal quotation marks and citation omitted) (emphasis added); *Graesser v. Lovallo*, No. 22-CV-320(LJV), 2022 WL 1443914, at *4 (W.D.N.Y. May 6, 2022) ("personal involvement is required for liability under section 1983").   Indeed, "[f]ailing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Shomo v. State of New York Dept. of Corr. and Comm. Supervision, et al.*, No. 21-CV-00128 (PMH), 2022 WL 1406726, at *7 (S.D.N.Y. May 4, 2022) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted)).

Here, apart from the caption, none of the six Defendants are mentioned in the body of the amended complaint, nor does Plaintiff attribute any of the challenged conduct or inaction to any

particular Defendant.   *See* Am. Compl, *generally* (DE 11).   "Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give *each defendant* fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation marks and citation omitted) (emphasis added).   Indeed, "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Plaintiff's] complaint fail[s] to satisfy this minimum standard."   *Id.* at 34.

Simply put, "Plaintiff cannot proceed on a claim under 42 U.S.C. § 1983 without identifying who deprived him of the associated right." *Griffith v. Clarkstown Police Dep't*, No. 20-CV-06505 (PMH), 2022 WL 1213452, at *5 (S.D.N.Y. Apr. 25, 2022) (citing *Yorro v. NYS DOC*, No. 17-CV-09405, 2018 WL 9963874, at *5 (S.D.N.Y. Jan. 3, 2018); *Groves v. New York*, No. 09-CV-00412, 2010 WL 1257858, at *8 (N.D.N.Y. Mar. 1, 2010), *adopted by* 2010 WL 1257942 (N.D.N.Y. Mar. 26, 2010)) (add'l citation omitted).   Accordingly, as is readily apparent, Plaintiff has not sufficiently alleged a Section 1983 claim against any Defendant that survives plausibility review.

### B. *Deliberate Indifference Claims*

Even if Plaintiff had sufficiently alleged the personal involvement of a Defendant, his deliberate indifference claims are implausible for the reasons that follow.   State pretrial detainees, like Plaintiff, are protected under the Due Process Clause of the Fourteenth Amendment. [1]

---

[1] According to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff pled not guilty during his December 9, 2021 arraignment and is awaiting trial on burglary in the third degree, grand larceny in the third degree and petit larceny charges under Suffolk County Court – Criminal term Indictment No. 71031-21.   *See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=JWpW/Uq5MUGCf_PLUS_Z03ehRNA==&countyId=RGmOR4u7mFEnUqEBkD3k3Q==&docketId=406_PLUS_CU8JXOz61oDHeKIQyQ

*Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Yancey v. Robertson*, 828 F. App'x 801, 803 (2d Cir. 2020) (summary order).   Plaintiff was instructed that a Fourteenth Amendment claim for deliberate indifference to a serious medical need is analyzed under a two-prong test which requires: (1) an objectively "sufficiently serious" injury; and (2) a subjectively sufficient state of mind in that the defendant "knew or should have known" that "an excessive risk to health or safety" would result.   *See* Mem & Order, DE 7 at 4-6.   In addition, the Court explained where, as here:

> a prisoner alleges a delay in medical treatment, courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay.   *Lombardo*, 807 F. App'x at 123 (citing *Salahuddin*, 467 F.3d 263, 280 (2d Cir. 2006) ("[I]f the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry 'focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" )(quoting *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003)).

Mem. & Order, DE 7 at 5.

As a threshold matter, Plaintiff's present allegations regarding his deliberate indifference claims are largely the same as those alleged in the original complaint.   Notwithstanding the Court's clear guidance as to minimum requirements to plausibly allege a deliberate indifference claim, Plaintiff's amended complaint omits any facts from which the Court could reasonably construe a plausible deliberate indifference claim.   Again, Plaintiff's alleged "slight chest pain[s]" do not constitute a sufficiently serious medical condition.   *See Shepard v. Kelly*, No. 19 CIV. 669 (NSR), 2021 WL 1600495, at *3 (S.D.N.Y. Apr. 23, 2021) (citing *Hutchinson v. N.Y. Corr.*

---

==&docketDseq=XAtDTFawu3Yc7RcVAZUMYA==&defendantName=Smith,+Terry+M&court=Suffolk+County +Court+-+Criminal+Term&courtType=S&recordType=C&recordNum=XXmpLGlK3uqT_PLUS_H/oJnCfyQ== (last visited on May 24, 2022).   Thus, even though Plaintiff alleges that his deliberate indifference claims arise under the Eighth Amendment, the Court reads such claims as properly brought pursuant to the Fourteenth Amendment.

*Officers*, No. 02 CIV. 2407 (CBM), 2003 WL 22056997, at *5 (S.D.N.Y. Sept. 4, 2003) (holding

that plaintiff who had only alleged chest pains failed to satisfy objective prong); *McCoy v. Goord*,

255 F.Supp.2d 233, 260 (S.D.N.Y. 2003) (dismissing *pro se* plaintiff's deliberate indifference

claim based on chest pain where plaintiff failed to allege "for what serious medical condition he

sought and was denied treatment, [or] what harm, if any, resulted from the delay in treatment"));

*Flemming v. Velardi*, No. 02 CIV. 4113 AKH, 2003 WL 21756108, at *2 (S.D.N.Y. July 30, 2003)

("severe heart condition can be sufficiently 'serious,'" but not mere "chest pains" and

"discomfort").[2]

Nor does Plaintiff allege any harm caused by the alleged three hour and twenty minute

delay in medical treatment.   *See* Am. Compl., *generally*; *Bradshaw v. City of New York*, 855 F.

App'x 6, 10 (2d Cir. 2021) (summary order) (affirming dismissal of deliberate indifference claim

where medical professionals treated plaintiff for his injuries on the day he sustained them).   And,

with regard to the second prong, although the Court found that "Plaintiff has not alleged any facts

demonstrating that any Defendant acted with 'objective recklessness', much less actual awareness

of a substantial risk that serious harm would result from a delay in treatment" (DE 7 at 6), he has

not added any new facts in support of this claim.   Because "Plaintiff's own allegations

demonstrate that the officers reasonably acted on that information in transporting him to the

hospital for treatment within a short time frame" (DE 7 at 6) after telling an officer that Plaintiff

takes medication to control his high blood pressure, Plaintiff's allegations again fall far short of

---

[2] That these cases were decided under the Eighth Amendment instead of the Fourteenth Amendment is
inconsequential. "Claims for deliberate indifference to a serious medical condition or other serious threat to the
health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are
brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009),
overruled on other grounds by *Darnell*, 849 F.3d at 17; *see also Feliciano v. Anderson*, No. 15-CV-
4106(LTS)(JLC), 2017 WL 1189747, at *8 (S.D.N.Y. Mar. 30, 2017).

objective recklessness and do not establish any Defendant acted unlawfully in delaying medical treatment while aware that there was a substantial risk of serious harm to Plaintiff.   Accordingly, even affording Plaintiff the special solicitude granted to *pro se* litigants, for these reasons and for the reasons set forth in the January 27, 2022 Memorandum & Order, the amended complaint does not set forth a plausible deliberate indifference claim and is thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### C.  *Section 1983 Excessive Force Claims*

Plaintiff also alleges that he was subjected to excessive force by being tightly handcuffed and shackled for approximately ten and a half hours.   *See* Am. Compl., DE 11 at 9.   The Court liberally construes Plaintiff's excessive force claim as arising under the Fourth Amendment. *Livigni v. Ortega*, No. 15-CV-9454 (CM), 2016 WL 6143351, at *4 (S.D.N.Y. Oct. 19, 2016). "In evaluating the reasonableness of handcuffing, courts in this circuit consider evidence that: '1) the handcuffs were unreasonably tight; 2) the defendant[] ignored the [plaintiff's] pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists.'" *Pierre v. City of New York*, 531 F. Supp. 3d 620, 627-28 (E.D.N.Y. 2021) (citing *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (quoting *Esmont v. City of New York*, 371 F.Supp.2d 202, 215 (E.D.N.Y. 2005)).   "[W]here an officer's use of force in handcuffing is plainly unreasonable under the circumstances or where a plaintiff manifests clear signs of her distress— verbally or otherwise—a fact finder may decide that the officer reasonably should have known that his use of force was excessive for purposes of establishing a Fourth Amendment violation." *Cugini v. City of New York*, 941 F.3d 604, 613 (2d Cir. 2019).   The Second Circuit recently clarified "that, although the[se] factors 'may prove useful to a district court in assessing the

soundness of a handcuff-based excessive force claim,' no one factor is dispositive, and the test is ultimately one of reasonableness that 'is not limited to a factual checklist.'" *Horace v. Gibbs*, 802 F. App'x 11, 15 (2d Cir. 2020) (summary order) (quoting *Cugini*, 941 F.3d at 613).   Indeed, "the touchstone of an excessive force claim regarding tight handcuffing turn[s] on whether a reasonable officer would have known that the force used was excessive." *Kuchma v. City of Utica*, No. 6:19-CV-766(GTS)(TWD), 2020 WL 491474, at *4 (N.D.N.Y. Jan. 30, 2020), *report and recommendation adopted*, No. 6:19-CV-0766(GTS)(TWD), 2020 WL 967168 (N.D.N.Y. Feb. 28, 2020).

Here, though thin, had Plaintiff sufficiently alleged the personal involvement of a defendant, the Court finds that his excessive force claims would survive initial review.   Plaintiff complains that he was handcuffed and shackled for over ten hours despite his arrest for non-violent crimes, and that he had alerted "officers" that the handcuffs were too tight.   Further, Plaintiff's allegation that the "officer" said he would loosen the handcuffs and remove the shackles and waist band if Plaintiff allowed them to take his fingerprints suggests that the officer knew the force used was excessive.   Accordingly, Plaintiff's excessive force claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) and with leave to file an amended complaint that includes the personal involvement of each individual Defendant against whom Plaintiff seeks to impose liability for the alleged excessive force relating to the handcuffs.

### D.  *State Law Claims*

As the undersigned has previously observed:

Pursuant to 28 U.S.C. § 1367(c), a district court 'may decline to exercise supplemental jurisdiction over' state law claims if, as here, 'the district court has dismissed all claims over with it has original jurisdiction.'   28 U.S.C. § 1367(c)(3); *see Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014). 'Dismissal of

the state law claims, however, is not absolutely mandatory, and the authority of
whether to retain or decline jurisdiction resides in the sound discretion of the
Court.' *Cinevert v. Varsity Bus Co.*, No. 12-CV-1223 (RRM)(VVP), 2014 WL
4699674, at *3 (E.D.N.Y. Sept. 22, 2014) (internal quotation marks and citations
omitted); *see Delaney*, 766 F.3d at 170. 'In deciding whether to exercise
jurisdiction over supplemental state-law claims, district courts should balance the
values of judicial economy, convenience, fairness, and comity — the '*Cohill*
factors.' *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006)
(citation omitted). '[I]n the usual case in which all federal-law claims are eliminated
before trial, the balance of factors will point toward declining to exercise
jurisdiction over the remaining state-law claims.' *Kolari v. New York-Presbyterian
Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)); *see Brzak v.
United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal
claims are dismissed before trial, the state claims should be dismissed as well.").

*Espinosa v. Nassau Cty. Corr. Ctr.*, No. 20-CV-00223(GRB)(VMS), 2021 WL 826168, at *3-4

(E.D.N.Y. Mar. 3, 2021) (citation omitted).   Here, having dismissed Plaintiff's Section 1983

claims - - the only federal cause of action - - the Court finds that concerns for judicial economy,

convenience, fairness and comity weigh against retaining supplemental jurisdiction over any

remaining state law claims, including negligence.   Accordingly, the undersigned declines to

exercise supplemental jurisdiction over any remaining state law claim and such claims are

therefore dismissed without prejudice.   Plaintiff may pursue any valid claim he may have in state

court.

## III.   Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when

a liberal reading of the complaint gives any indication that a valid claim might be stated."   *Shomo

v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation

omitted).   Given that Plaintiff has already been afforded an opportunity to amend his deliberate

indifference claims and has again failed to plausibly allege a proper deliberate indifference claim,

10

the Court declines to permit further amendment of those claims. However, Plaintiff is granted leave to amend his excessive force claims in accordance with the guidance set forth above. Any amended complaint shall: (1) bear docket number 22-CV-0017(GRB)(JMW); (2) be clearly labeled "second amended complaint"; and (3) be filed within thirty (30) days from the date of this order. To be clear, the second amended complaint shall include the personal involvement of any individuals who are named as defendants, including factual allegations concerning their conduct or inaction regarding the handcuffing and shackling of Plaintiff. Plaintiff is warned that a failure to timely file a second amended complaint, absent a showing of good cause, will lead to the entry of judgment and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff at his address of record and note service on the docket.

**SO ORDERED**.

_/s/_____
Gary R. Brown
United States District Judge

Dated:     May 27, 2022
           Central Islip, New York

11